Charles White died on July 13, 1912, leaving a nonintervention will by the terms of which all of his property was bequeathed to his widow, Mattie A. White, except a number of legacies of one dollar each. The will appointed the widow as executrix.
In due course, the will was admitted to probate, and an inventory was filed listing property which, after notice to the state board of tax commissioners, was appraised at $24,750. Neither of the parcels of real estate hereinafter referred to was included in the inventory.
No final report was ever filed, and no order closing the estate was ever sought or entered.
On April 26, 1934, Mattie A. White filed a petition in the probate proceedings which set forth the facts we have already stated, and further alleged that, at and before the death of Charles White, she had acquired in her own name and as her sole and separate estate two certain parcels of real estate, one occupied as a home, valued at the time of the death of her husband at twelve thousand dollars, and the other a business property, valued as of the same date at ninety thousand dollars. The petition sets forth that neither was included in the inventory because both were claimed to be her separate property, but that a question has arisen with respect to her title, and the prayer is that the property be adjudged to be her separate *Page 687 
estate free and clear of all claims for inheritance tax due the state of Washington.
The respondent, as supervisor of the inheritance tax and escheat division of the state, appeared in response to the petition. A trial was had, testimony was taken, and a judgment followed adjudicating the home property to have been at all times the separate property of the petitioner and not liable for the inheritance tax, while the business property was adjudged to have been community property of Charles White, deceased, and Mattie A. White, his wife, and that the interest of the deceased therein was subject to the inheritance tax. The petitioner, Mattie A. White, has appealed from that part of the judgment which is adverse to her and the supervisor has cross-appealed from that part of the judgment which exempts the home property from the payment of the inheritance tax.
The questions presented by both appeals are quite largely questions of fact, and the facts seem to be exactly the same with respect to each parcel of real estate. The trial court commented on the paucity of the facts and the general unsatisfactory state of the record, due largely to the lapse of time, and expressed a degree of uncertainty as to his ruling with reference to the home property. He, however, quite clearly found that the appellant had not met the burden of proof which the law requires with respect to the business block.
[1] Both parcels were acquired while the marital state existed, and therefore, presumptively, both became community property. The presumption of course is rebuttable, but the proof required to overcome the presumption should, at least, be sufficient to satisfy a reasonable mind.
We seem to have two rules, each applicable to a different state of facts. In those cases where the rights *Page 688 
of creditors, or third parties, are involved, stricter proof is required than that which is held to be sufficient where the controversy is between husband and wife or those claiming by, through, or under them. Lanigan v. Miles, 102 Wn. 82,172 P. 894.
The supervisor asserts that the state is here a creditor, and that the stricter rule should be applied, but the state can only be a creditor if the deceased had an interest in the property at the time of his death. We are therefore of the opinion that the second rule is applicable here as it was in the Lanigan case. As hereinbefore indicated, proof which should satisfy a reasonable mind is all that is required.
Is there such proof here? We think not. Appellant testified, in effect, that she and her husband came to this state some fourteen years before the death of Mr. White, bringing with them fifty thousand dollars or more, which had theretofore been earned by Mr. White in a state having no community property law. It does not directly appear what became of this money, but as Mr. White at once became a partner in a business which required considerable cash capital, it may be presumed that all or most of the money which he brought into the state was invested in the business with which he became identified. Mrs. White did intimate that she had some money or property of her own when she came to this state, but she nowhere fixes any amount, or, by so much as a suggestion, indicates that even a single dollar of what she possessed before coming to this state went into the purchase of either property. The most that can be said for the evidence, as a whole, is that it indicates that Mr. White, being engaged in a business which was subject to unusual uncertainties, either gave to his wife the custody of his excess cash and then directed its investment in these properties, or that he, at all times keeping control of *Page 689 
the money, purchased these properties and directed the wife's name to be written into the deeds without consulting her, or more than inform her of the fact that he had done so.
The trial court was clearly convinced that, as to the business property, the husband, because of the uncertainties of his business, made the wife the custodian of the community money or property, and that there was on his part no intent to divest himself of his interest therein. The home property was aquired in the same way as was the business property, and, so far as the evidence shows, with exactly the same intent and purpose.
The evidence is insufficient to satisfy a reasonable mind that the husband intended to divest himself of his community interest in either property. The presumption has not been overcome.
That part of the judgment appealed from by Mrs. White is right, and must stand affirmed. That part of the judgment covered by the cross-appeal is erroneous, and must be reversed.
Remanded, with directions to reform the judgment so as to provide that the interest of the deceased in both of the properties is subject to the inheritance tax.
BEALS, C.J., MAIN, MILLARD, and GERAGHTY, JJ., concur. *Page 690